### In re R. F. DOWNING & CO.

(Circuit Court, D. Massachusetts. June 14, 1905.)

#### No. 1,468.

CUSTOMS DUTIES—CLASSIFICATION—PAPER STOCK—WASTE CONTAINING WOOL.
    Certain waste of an inferior quality, fit only for paper stock, consisting of mill sweepings, which contain not more than 1 per cent. of wool, that is not of sufficient fiber for commercial purposes, and is not separable from the material with which it is mixed, is not dutiable as waste in part of wool, under Tariff Act July 24, 1897, c. 11, § 1, Schedule K, par. 362, 30 Stat. 183 [U. S. Comp. St. 1901, p. 1666], but is within the provision for "paper stock * * * fit only to be converted into paper," in paragraph 632, § 2, Free List, 30 Stat. 200 [U. S. Comp. St. 1901, p. 1686.]

On Application for Review of a Decision of the Board of United States General Appraisers.

Currie, Smith & Maxwell and Searle & Pillsbury, for petitioners.
Melvin O. Adams, U. S. Atty., and Wm. H. Garland, Asst. U. S. Atty.

DODGE, District Judge. In compliance with the order of court entered in this case July 22, 1904, the Board of General Appraisers made a return August 3, 1904, whereby it appears that after their protest had been transmitted to the board by the collector at Boston the petitioners wrote to the board that they did not wish to take any further action in the matter, and that the board thereupon, on June 23, 1904, overruled the protest, and sustained the collector's

decision. It has since been agreed between the United States and the petitioners that the above abandonment of their protest shall, for the purposes of this case, be considered null and void, and that the protest shall be treated as though no abandonment of it had been made. Evidence has been taken under the order of court entered August 10, 1904, upon the question raised by the protest before a member of the board acting as an officer of the court, and the case has now been heard upon the evidence so taken, which was all of it evidence introduced by the petitioner. None of the objections to this evidence are insisted on, and no evidence has been offered to contradict it. There is therefore no dispute regarding the facts, which I find to be as follows:

The petitioners imported and entered at Boston on March 3, 1904, 22 bales of mixed cotton waste for paper stock, brought to Boston by steamship Pomeranian, for the Toronto Mill Stock & Metal Company, of Toronto, Canada. This merchandise was bought by the company for 2.4 cents per pound, and was sold by it to the Springfield Waste Company of Springfield, Mass., for 3.8 cents per pound. It was entered free, and one of the bales ordered for examination. The collector at Boston classified and assessed the entire shipment as "waste composed in part of wool," dutiable at 20 cents per pound, under paragraph 362, Schedule K, § 1, Act July 24, 1897, c. 11, 30 Stat. 183 [U. S. Comp. St. 1901, p. 1666]. The petitioners' protest above referred to claimed that the goods were free of duty under paragraph 537 or paragraph 632, and, if not free of duty under those paragraphs, then dutiable at 10 per cent., under paragraph 463 of the act referred to. From the decision of the Board of General Appraisers overruling the protest, on June 23, 1904, as stated above, an appeal was taken in due time and form to this court.

The importation consisted of sweepings from various mills, both cotton and woolen mills. It contained no percentage whatever of commercial or marketable wool, and no percentage whatever of wool capable or being either spun or carded. It did contain a small proportion—not exceeding 1 per cent.—of wool sweepings, variously described as "carpet shearings," "carpet sweepings," "fluff," and "wool fly." The wool whereof this was composed was not what is known as "wool waste." It had not sufficient fiber to be of value for commercial or manufacturing purposes, even if separated; and as separation from the other waste with which it was mixed was impossible, it impaired the value of the whole for the purpose for which it was intended, viz., the manufacture of paper. The merchandise as a whole was what is known to the trade as cotton waste of inferior quality, fit only for paper stock. As paper stock it was of little value, because capable of use in the manufacture of a low grade of paper only. The prices at which it was bought and sold, as above stated, were considerably in excess of its real value as disclosed by the evidence.

In view of the above facts, this merchandise cannot properly be included among the "other wastes composed wholly or in part of wool," referred to in paragraph 362. It must be regarded as coming under the language of paragraph 632, § 2, Free List, 30 Stat. 200

[U. S. Comp. St. 1901, p. 1686], "paper stock, crude, of every description, * * * including all waste * *. * fit only to be converted into paper," and therefore free of duty.

The decision of the Board of General Appraisers is reversed.